UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICK MATTHEWS MCKINZIE-BEY,

      Plaintiff,                           Case No. 2:21-cv-12777

v.                                            Paul D. Borman
                                                 United States District Judge

OFFICER JOHNSON ROBERT,

      Defendant.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING PLAINTIFF'S COMPLAINT**

**Background**

On November 29, 2021, pro se Plaintiff Erick Matthews McKinzie-Bey filed a Complaint against Defendant Officer Johnson Robert. (ECF No. 1). In this Complaint, McKinzie-Bey alleges that, on September 20, 2021, Robert "unlawfully detained him" in violation of the First Amendment, "committed grand theft" by "tow[ing] away [his] automobile that [he] was [then] forced/order to pay $350 to get back" in violation of the Fourth Amendment, and "ordered [him] to give I.D. without probable cause" in violation of the Fifth Amendment. (PageID 5). McKinzie-Bey then directs the Court to "attachments 1 and 2 for more information." (PageID 5).

1

In the "basis for jurisdiction" section of his Complaint, McKinzie-Bey asserts that the federal statutes "at issue in this case" are 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights and 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law. (PageID 4). But in the "relief" section, McKinzie-Bey asserts claims for: 1) $250,000 for "Six Counts of Violation of Oath of Office" under 18 U.S.C. § 3571; 2) $250,000 for "Six Counts of Treason" under 18 U.S.C. § 3571; 3) $1,000,000 for "Six Counts of Genocide" under 18 U.S.C. § 1091; 4) $5,000 for "Six Counts of Mail Threats" under 18 U.S.C. § 876; 5) $5,000 for "Six Counts of Extortion" under 18 U.S.C. § 872; and 6) $250,000 for "One Count of Grand Theft" under 18 U.S.C. § 2112. (PageID 6). McKinzie-Bey alleges that the "grant total" to which he is entitled is $9,310,000. (PageID 6). And he again directs the Court to "attachment[s] 1 and 2" "for the first five breaches." (PageID 6).

Attachments 1 and 2 consist of notices, sent by the 36th District Court in Detroit, directing McKinzie-Bey to appear at February 23, 2022 hearings and arraignments for six Civil Traffic Infractions and Traffic Misdemeanors that he allegedly committed on September 6, 2021. (PageID 8–10); *see also* Michigan Supreme Court, State Court Administrative Office, Case Type Codes 8 (May 2021), available at https://www.courts.michigan.gov/siteassets/court-administration/ standardsguidelines/casefile/cf_casetypecodes.pdf [https://perma.cc/PWZ5-V4EP] (explaining the meaning of traffic case codes).

Lastly, McKinzie-Bey's Complaint includes a Civil Cover Sheet and a Local Rule 83.11 Form stating that this case was previously dismissed in a 1930 Virginia Supreme Court opinion, *see Thompson v. D.C. Smith*, 155 Va. 367 (VA 1930), and that this case has a "companion case" numbered 35252 in the Mississippi Supreme Court, which this Court could not find, and which was allegedly before Judge Griffith, who was appointed in 1827, *see* James Daniel Lynch, The Bench and Bar of Mississippi 533 (E.J. Hale & Son 1881). (PageID 11–12).

The same day that he filed his Complaint, McKinzie-Bey also filed an Application to Proceed *in Forma Pauperis*. (ECF No. 2). The Court finds this Application to be facially sufficient and therefore grants it. *See* 28 U.S.C. § 1915(a); *Burns v. Stroud*, No. 21-cv-11196, 2021 WL 2156190, at *1 (E.D. Mich. May 27, 2021).

**Analysis**

Courts must liberally construe the pleadings and filings of pro se plaintiffs. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, this Court must *sua sponte* dismiss a Complaint filed *in forma pauperis* if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

3

from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis in law or fact," which it does "if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). And a complaint fails to state a claim if it does not "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Vague and conclusory allegations unsupported by material facts will not be sufficient . . . ." *Smith v. Whalen*, 194 F.3d 1314 (6th Cir. 1999); *see also Jones v. Commonwealth*, No. 18-5601, 2019 WL 2483276, at *1 (6th Cir. Jan. 3, 2019) ("Unsupported legal conclusions and speculative allegations will not suffice to state a claim." (citing *Iqbal*, 556 U.S. at 679)).

Accordingly, the Court will dismiss McKinzie-Bey's Complaint, because it fails to state a claim (and at least some of its allegations are also frivolous). To begin with, McKinzie-Bey's "relief" counts all fail to state a claim. *See Hill*, 630 F.3d at 471. His Violation of Oath of Office, Treason, Genocide, Mail Threats, and Extortion counts do not contain any supporting factual allegations at all. And he never alleges that his car was "personal property *belonging to the United States*," which is an essential element of 18 U.S.C. § 2112, under which he brings his Grand

4

Theft count. These counts are also all frivolous, because all of the statutes on which they rely are criminal laws without civil causes of action, and therefore they all depend upon legal theories that are "indisputably meritless." *Brown*, 207 F.3d at 866

McKinzie-Bey's constitutional arguments also fail to state a claim. He cannot bring these arguments under 18 U.S.C. § 242 because this is another criminal statute without a civil cause of action. And to state a claim under 42 U.S.C. §1983, McKinzie-Bey must allege that he "suffered a deprivation of a constitutional right," and that Robert "acted under color of state law when inflicting this injury." *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512 (6th Cir. 2020) (internal citations and quotation marks omitted).

McKinzie-Bey has not sufficiently pleaded such allegations here. His assertion that Robert "unlawfully detained" him with "no constitutional ground" and in violation of the First Amendment is conclusory, because it merely presents a legal conclusion and does not include any factual allegations showing why the detention was unlawful. *See Robinson v. Genesee Cty. Jail*, No. 20-13189, 2020 WL 7338577, at *2 (E.D. Mich. Dec. 14, 2020) ("the complaint does not provide any reason for why his detention was unlawful or why the arresting officers . . . lacked probable cause . . . [and thus] fails to state a claim"); *Keefe v. Settembrino*, No. 19-121, 2019 WL 913157, at *3 (D. N.J. Feb. 25, 2019) ("Without more, Plaintiff's allegation that he was unlawfully detained is 'conclusory and not entitled to be assumed true.'"

(quoting *Iqbal*, 556 U.S. at 681)). For the same reason, McKinzie-Bey's assertions that Robert violated the Fourth Amendment by "tow[ing] away [his] automobile" and violated the Fifth Amendment by "forc[ing]/order[ing] [him] to give I.D. without probable cause" are also conclusory. Indeed, the attachments to which McKinzie-Bey refers the Court—the only elaborations on his assertions—suggest that Robert acted to enforce Michigan's traffic laws, and do not even hint at why Robert's actions may have been improper.

Moreover, the Court notes that it likely could not entertain this Complaint because it would "interfere[] with . . . state traffic proceedings pending in state court" and "necessarily . . . imply the invalidity of the state traffic citation." *Gorenc v. City of Westland*, 72 F. App'x 336, 338–39 (6th Cir. 2003) (internal citations and quotation marks omitted) (citing, among other cases, *Younger v. Harris*, 401 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also* Michigan.gov, Towing: Know How to Get Your Vehicle Back and Challenge Unauthorized and Unreasonable Fees (2019), available at https://www.michigan.gov/documents/ag/2019_Towing_648790_7.pdf [https://perma.cc/S72Q-G28M] (explaining the rights afforded to and state court remedies available for people in Michigan who have had their cars towed). But the Court need not reach that issue.

**Conclusion**

For the reasons listed above, McKinzie-Bey's Application to Proceed *in Forma Pauperis* is **GRANTED** and his Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court finds that McKinzie-Bey may not appeal this Order *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IT IS SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: December 3, 2021